**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD J. SILVIA**<br>**Plaintiff,** | : | **C.A. No. 06-67-ML** |
| v. | : | |
| **AMERIQUEST MORTGAGE COMPANY**<br>**Defendant.** | : | |

## ANSWER TO AMENDED COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Amended Complaint brought by plaintiff Richard J. Silvia.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Amended Complaint.

### INTRODUCTION

1. Paragraph 1 of the Amended Complaint contains plaintiff's characterization of this action to which no responsive pleading is required.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Amended Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Amended Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest that venue is proper in this District.

## PARTIES

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town and Country Road, Orange, CA 92868 and denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

7. Paragraph 7 of the Amended Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth in Lending Act ("TILA").

8. Ameriquest denies the allegations set forth in paragraph 8 of the Amended Complaint.

## FACTS

9. Ameriquest admits that on or about April 12, 2005, plaintiff became the obligor and mortgagor under a certain note and mortgage on property located at 2 Jambray Avenue, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Amended Complaint.

10. Ameriquest admits that plaintiff received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $260,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week

Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Amended Complaint.

11. Ameriquest admits that plaintiff's mortgage loan was secured by plaintiff's property located at 2 Jambray Avenue, Warwick, Rhode Island and that the loan in question was not for purposes of the initial acquisition or construction of that property. The remaining allegations contained in paragraph 11 of the Amended Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by plaintiff speak for themselves as to their content. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Amended Complaint.

12. Ameriquest denies the allegations set forth in paragraph 12 of the Amended Complaint.

13. In response to the allegations set forth in paragraph 13 of the Amended Complaint, Ameriquest admits that the document attached as Exhibit C to the Amended Complaint purports to be a mortgage payoff letter dated April 12, 2005. Ameriquest denies that it disbursed plaintiff's loan proceeds on April 12, 2005 and denies the remaining allegations in paragraph 13.

14. Ameriquest admits that it received the document attached as Exhibit D to the Amended Complaint and that the document speaks for itself as to its content. Ameriquest denies that the plaintiff has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15. Ameriquest admits that it sent to plaintiff's counsel a copy of the document attached as Exhibit E to the Amended Complaint and that the document speaks for itself as to its content. Ameriquest denies that Exhibit E is a complete copy of the documentation Ameriquest sent to plaintiff's counsel on November 28, 2005.

**COUNT I – TRUTH IN LENDING ACT**

16. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraph 1 through 15 above.

17. Ameriquest denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Ameriquest denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Paragraph 19 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest asserts that the statute referenced in paragraph 19 speaks for itself as to its content.

20. Ameriquest denies the allegations set forth in paragraph 20 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**First Defense**

The Amended Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**Second Defense**

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Amended Complaint.

**Third Defense**

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**Fourth Defense**

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**Fifth Defense**

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

**Sixth Defense**

Any damages were the result of acts or omissions on the part of the plaintiff or third parties, the actions of which Ameriquest is not responsible.

**Seventh Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Eighth Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Ninth Defense**

Ameriquest is not liable for any claims by plaintiff because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Tenth Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court:

i. Enter judgment in its favor on all counts of the Amended Complaint;

ii. Dismiss the Amended Complaint with prejudice;

iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

iv. Grant such other relief as the Court deems as just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim, Richard J. Silvia ("Silvia" or "plaintiff"), and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Massachusetts.

2. Upon information and belief, plaintiff resides in Warwick, Rhode Island.

3. On or about April 12, 2005, plaintiff obtained a residential mortgage loan from Ameriquest in connection with property located at 2 Jambray Avenue, Warwick, Rhode Island.

4. On or about November 14, 2005, plaintiff sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff dated November 14, 2005 attached hereto as Exhibit A.

5. On or about February 10, 2006, plaintiff filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

6. Ameriquest has provided plaintiff with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I - DECLARATORY JUDGMENT PURSUANT**
**TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

7. Ameriquest repeats and realleges the allegations set forth in paragraphs 1 through 6 above.

8. By virtue of plaintiff's letter of November 14, 2005, an actual controversy has arisen and exists between Ameriquest and plaintiff regarding whether he has a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Plaintiff alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which plaintiff's right to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

10. Ameriquest has provided plaintiff with all required disclosures with respect to the subject loan, and plaintiff has no basis for rescission of the loan.

11. Ameriquest hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to plaintiff's letter of rescission of his loan, including, without limitation, a declaration that plaintiff is not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, defendant/counterclaimant Ameriquest respectfully requests that the Court:

A. Enter a declaration that plaintiff is not entitled to rescind his mortgage loan with Ameriquest and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (CPM/7109)

Carolyn P. Medina

Steven E. Snow (#1774)
(ses@psh.com)
Carolyn P. Medina (#7109)
(cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

*Of counsel:*

R. Bruce Allensworth
(ballensworth@klng.com)
Irene C. Freidel
(ifreidel@klng.com)
Eileen E. Pott
(epott@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: April 13 2006.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to Amended Complaint was mailed, postage prepaid, this 13th day of April, 2006 to:

Christopher M. Lefebvre, Esq.
Christopher M. Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

______________________